**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **GARY SUTTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:11-CV-83 |
| | ) |
| **SOUTH WHITLEY POLICE OFFICERS** | ) |
| **RICK CARROLL and JESSICA LEWIS,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

This matter is before the Court[1] on the motions *in limine* filed by the Defendants, South Whitley Police Officers Rick Carroll and Jessica Lewis (Docket # 53), and the Plaintiff, Gary Sutter (Docket # 55). For the reasons provided below, Defendants' motion will be GRANTED, and Plaintiff's motion will be GRANTED IN PART and DENIED IN PART.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Gary Sutter is suing the Defendants, South Whitley Police Department ("SWPD") Officers Rick Carroll and Jessica Lewis, under 42 U.S.C. § 1983. Sutter's claims arise out of the events that occurred on August 23, 2009, when the officers arrested Sutter in the driveway of his home for driving his motorcycle while intoxicated. Sutter contends that, once they arrived at his home, Officer Carroll used excessive force, in violation of Sutter's Fourth Amendment rights, when he put Sutter into a right arm bar, took him to the ground, repeatedly bashed his head into the driveway, and then refused to loosen Sutter's too-tight handcuffs. Sutter

---

[1] Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting. (Docket # 14.)

1

further alleges that Officer Lewis is liable for Officer Carroll's use of excessive force because she stood by and failed to intervene to stop it. The officers deny these allegations and maintain that Sutter fled from them on his motorcycle and, after he finally pulled over, physically resisted their efforts to arrest him. As such, they contend that any force Officer Carroll used was reasonable, and, therefore, Officer Lewis had no reason to intervene.

## II.  NATURE OF AN ORDER *IN LIMINE*

"A motion *in limine* is a request for guidance by the court regarding an evidentiary question." *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999) (Coffey, J., concurring in part and dissenting in part) (citation omitted). "Federal district courts have the power to exclude evidence *in limine* pursuant to their authority to manage trials." *Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (citation omitted).

"[A]s the term 'in limine' suggests, a court's decision on such evidence is preliminary in nature and subject to change." *Id.*; *see United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion *in limine* is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial"). In fact, the Seventh Circuit Court of Appeals has specifically noted that "a ruling [*in limine*] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer." *Connelly*, 874 F.2d at 416 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

Thus, a ruling on a motion *in limine* is not a final ruling on the admissibility of the evidence that is the subject of the motion, *see Wilson*, 182 F.3d at 570-71; rather, an order on a

2

motion *in limine* is essentially an advisory opinion, "merely speculative in effect," *id.* (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

## III. DEFENDANTS' MOTION *IN LIMINE*

As Sutter failed to respond to Defendants' motion *in limine*, he apparently does not object to Defendants' efforts to preclude references or allusions to any prior or subsequent incidents involving accusations of excessive force against Defendants or other members of the SWPD; the disciplinary records of Defendants or other members of the SWPD; other excessive force incidents, claims, or lawsuits; any medical opinions contained in Sutter's medical records, unless the physician who generated the medical record is called as a witness at trial; any claim that Sutter sustained a lasting physical injury or now suffers from emotional and/or psychological problems as a result of the disputed events; attorney's fees; any settlement negotiations engaged in by the parties; the existence of liability insurance; and the denial of Defendants' Motion for Summary Judgment. As such, Defendants' uncontested motion is GRANTED in its entirety. *See Fitzpatrick v. City of Fort Wayne*, 259 F.R.D. 357, 361-62 (N.D. Ind. 2009) (granting portions of plaintiff's motion *in limine* that defendants did not respond to as they apparently did not oppose them); *Harms v. Lab. Corp. of Am.*, 155 F. Supp. 2d 891, 899 (N.D. Ill. 2001) (granting portions of defendant's motion *in limine* as uncontested when plaintiff did not respond to them).

## IV. SUTTER'S MOTION *IN LIMINE*

### A. *Unopposed Portions of Sutter's Motion* in Limine *(Nos. 4-9)*

Defendants do not object to Sutter's efforts to preclude references or allusions to SWPD protocol or standard operating procedures; testimony from any witnesses not on the scene at the time of the alleged excessive force regarding the use of force; attorney's fees; settlement

3

negotiations; tax considerations; or "send a message" arguments in opening or closing statements. As such, Sutter's motion is GRANTED as to these matters.

### B. Narrative Reports (No. 1)

Sutter seeks to exclude any narrative reports by Defendants or any other officers who may testify, arguing that they are biased, prejudicial, and constitute inadmissible hearsay. (Pl.'s Mot. in Limine 1-2.) Defendants counter that the narrative reports are admissible under Federal Rule of Evidence 803(8) as public records and reports and that some of the witness statements contained in the reports may fall under the excited utterance exception to the hearsay rule. (Defs.' Resp. to Pl.'s Mot. in Limine ("Defs.' Resp.") 2-3.) Defendants further argue that the narrative reports may be used to refresh an officer's recollection under Rule 803(5). (Defs.' Resp. 3.)

At this juncture, Sutter's motion *in limine* is GRANTED with respect to this evidence. Presumably, any narrative reports may ultimately be admissible, at least in part, under Rule 803(8), although certain hearsay statements within the reports may need to be redacted. Without having an opportunity to rule in the context of the trial, the admissibility of the documents and the prejudicial effect of the imbedded statements cannot be ascertained. Counsel are directed to confer in an effort to reach a stipulation concerning suitable redactions. Moreover, until Defendants have laid a proper foundation, they may not use the document to refresh their recollection or read the document into evidence under Rule 803(5).

### C. The Criminal Charges Brought Against Sutter (No. 2)

Next, Sutter attempts to preclude evidence about whether criminal charges were brought against him as a result of his arrest on August 23, 2009, on the basis that, because this is an excessive force case, the jury does not need to hear that Defendants arrested or charged him with

particular criminal offenses. (Pl.'s Mot. in Limine 2.) Sutter was charged with, and ultimately pled guilty to, two offenses arising out of his arrest on August 23, 2009—operating a vehicle while intoxicated ("OWI"), a Class D felony; and resisting law enforcement, a Class A misdemeanor. (Defs.' Resp. 5.) Defendants argue that Sutter's OWI conviction is relevant and admissible as it directly pertains to Sutter's ability to observe, perceive, recall, and recount the events of August 23, 2009, and because, as part of his guilty plea to this charge, Sutter admitted to being under the influence of alcohol at the time of the alleged use of excessive force. (Defs.' Resp. 5-7.) Similarly, Defendants maintain that Sutter's conviction for resisting law enforcement is also relevant as Sutter admitted during his plea hearing that he should have submitted to the officers' authority and allowed himself to be handcuffed, but did not do so. (Defs.' Resp. 7.)

The Court agrees with Sutter that neither the charges brought against him, nor their ultimate resolution, should be admitted. Sutter is not making a false arrest or malicious prosecution claim. The only issue in dispute is whether, in light of the facts and circumstances known to him at the time, Officer Carroll's use of force against Sutter was objectively reasonable. *See Graham v. Connor*, 490 U.S. 386, 397 (1989); *Sallenger v. Oakes*, 473 F.3d 731, 742 (7th Cir. 2007). Whether or not Sutter was later charged with a crime is irrelevant to whether the amount of force Officer Carroll used in arresting him was excessive. Furthermore, significant prejudice or confusion could arise if the jury seeks to retroactively gauge the reasonableness of Officer Carroll's use of force against the knowledge that criminal charges were later lodged by the prosecuting attorney. *See* FED. R. EVID. 403.

Nonetheless, Defendants will be permitted to testify about why they arrested Sutter, as that would be relevant to the reasonableness of the force used. FED. R. EVID. 402; *Payton v. Fike*, No. 1:09-cv-222, 2010 WL 4065601, at *3 (N.D. Ind. Oct. 15, 2010); *Larsen v. Barrientes*, No.

1:09-cv-55, 2010 WL 2772325, at *2 (N.D. Ind. July 12, 2010); *Starks-Harris v. Taylor*, No. 1:08-cv-176, 2009 WL 2970382, at *3 (N.D. Ind. Sept. 11, 2009). This includes that Sutter was arrested for driving while intoxicated, which speaks to his ability to observe, recall, and recount the events surrounding the alleged use of excessive force. *See Casares v. Bernal*, 790 F. Supp. 2d 769, 785-86 (N.D. Ill. 2011) (stating "[w]here there is reason to believe that alcohol . . . impaired a witness's memory of the events to which he is testifying or prevented him from understanding the events at the time they occurred, evidence of his . . . alcohol use is admissible").

And as to Defendants' argument that they should be permitted to cross-examine Sutter with his guilty pleas to driving while intoxicated and resisting law enforcement, at this point, without knowing with certainty what Sutter will testify to at trial, Sutter's motion is GRANTED with respect to evidence of these convictions. If Sutter, however, denies being intoxicated or otherwise implies that he was not intoxicated at the time of his arrest, he will have opened the door to such evidence, and Defendants may then seek to be relieved of this part of the Order at trial. Similarly, because, under Indiana law, "[a] guilty plea . . . admits the incriminating facts alleged," *Patton v. State*, 517 N.E.2d 374, 375 (Ind. 1987) (citation omitted), if Sutter denies the conduct he admitted to in his plea hearing on the resisting law enforcement charge, Defendants may then seek to impeach him with his guilty plea. *See More v. City of Braidwood*, No. 08 C 5203, 2010 WL 3547964, at *3 (N.D. Ill. Sept. 7, 2010) (denying, in an excessive force and false arrest case, plaintiff's motion to exclude his disorderly conduct conviction arising from the disputed arrest to the extent that the defendants would use the conviction to impeach the plaintiff if he denied the conduct); *see also Allen v. Noll*, 1:05-CV-18-TS, 2006 WL 1707949, at *8 (N.D. Ind. June 21, 2006) ("To allow Plaintiff to present evidence against the Defendant that so clearly contradicts the facts admitted when he pled guilty[ ] disrespects the judicial process and makes it

appear to be a game.").

### D. Sutter's Criminal Record (No. 3)

Sutter also moves to exclude evidence regarding his criminal record, particularly his past criminal convictions for alcohol-related offenses. (Pl.'s Mot. in Limine 2.) In response, Defendants contend that in particular they should be permitted to present evidence of Sutter's 2006 misdemeanor OWI conviction because, not only did Officer Carroll arrest Sutter for this charge as well, but it also explains why Sutter fled from Defendants that night and why he was uncooperative and belligerent when they attempted to take him into custody. (Defs.' Resp. 7-8.)

First, if Officer Carroll actually recognized Sutter before the arrest as someone he had previously arrested for an OWI, he could testify about that as this would be "information available to [him] at the time of his action." *Sherrod v. Berry*, 856 F.2d 802, 804 (7th Cir. 1988) (en banc). That Sutter was later *convicted* of this offense would not, presumably, be information Officer Carroll knew when encountering Sutter on August 23, 2009; as such, it is not admissible on this basis. And Defendants' argument that Sutter's 2006 OWI conviction is admissible to explain why he resisted arrest or fled the police is also unpersuasive, as Sutter's motive is not an issue in this case. *Jackson v. Allen*, No. 1:09-cv-117, 2011 WL 1565859, at *6 (N.D. Ind. Apr. 25, 2011). The slight probative value, if any, of Sutter's potential motive to resist or flee the officers is substantially outweighed by the risk of undue prejudice and confusion if these issues were paraded before the jury. FED. R. EVID. 403; *Jackson*, 2011 WL 1565859, at *6.

Therefore, at this stage, Sutter's motion *in limine* is GRANTED as to his 2006 misdemeanor OWI conviction.

### E. Audio Recordings of Dispatch Transmissions (No. 10)

Sutter next seeks to exclude any audio recordings of dispatch transmissions of the night in

question as irrelevant to his excessive force claim. (Pl.'s Mot. in Limine 4.) Although Defendants do not intend to introduce any audio recordings, they do plan to use the dash camera video taken on August 23, 2009, which captured the audio transmissions between Officer Lewis and dispatch regarding Sutter's arrest and subsequent request for a medic. (Defs.' Resp. 8.) Defendants argue that this video is relevant as it provides a basic time frame of how much time passed during the pursuit and, once Sutter stopped, how long it took the officers to take him into custody, which, they contend, will contradict Sutter's contentions that the incident took an extended period of time. (Defs.' Resp. 8.)

The Court reviewed this dash camera video when Defendants submitted it as an exhibit to their summary judgment motion and noted that it provided some audio evidence, but very little visual evidence due to poor lighting conditions. (Docket # 40 at 2 n.2.) Although the Court did not find it particularly useful to the summary judgment determination, as Defendants argue, the video is relevant to illustrating how long the pursuit lasted and how long it took Defendants to take Sutter into custody.

Moreover, in an excessive force case, the circumstances that matter in a jury's determination of whether an officer's actions were objectively reasonable are "only those circumstances known and information available to the officer at the time of his action." *Sherrod*, 856 F.2d at 804. This requires a jury to "stand in the shoes of the officer and judge the reasonableness of his actions based on the information he possessed in responding to that situation." *Common v. City of Chicago*, 661 F.3d 940, 943 (7th Cir. 2011) (citing *Sherrod*, 856 F.2d at 804-05). The dash camera video provides the jury with some video and audio evidence of the circumstances Defendants encountered and the knowledge and information they possessed when they first came upon Sutter, pursued him, and ultimately took him into custody. As such,

the recording is relevant to whether Defendants' actions were reasonable, *see Sherrod*, 856 F.3d at 804, and Sutter's motion is therefore DENIED with respect to this evidence.

### *F. Sutter's Official Indiana Driving Record (No. 11)*

Lastly, Sutter seeks to preclude Defendants from offering his driving record into evidence as it constitutes impermissible, and irrelevant, character evidence. (Pl.'s Mot. in Limine 4.) Defendants respond that Sutter's two OWI convictions are relevant, citing to earlier arguments for their admissibility. (Defs.' Resp. 9.) But, as concluded above, Sutter's felony OWI conviction arising from his arrest in this case is not admissible at this juncture; Sutter's guilty plea to this charge may become admissible if, at trial, he denies being intoxicated at the time of his arrest. And the Court already granted Sutter's motion *in limine* with respect to his 2006 misdemeanor OWI conviction, as its slight probative value is substantially outweighed by the risk of undue prejudice and confusion. As such, Sutter's motion to exclude his driving record is GRANTED.

### V. CONCLUSION

For the foregoing reasons, Defendants' motion *in limine* (Docket # 53) is GRANTED, and Plaintiff's motion *in limine* (Docket # 55) is GRANTED IN PART and DENIED IN PART as set forth herein. It is therefore ORDERED that counsel, those acting on behalf of the parties, and any witnesses shall not refer to the matters excluded pursuant to this Opinion and Order, either directly or indirectly, during voir dire, opening statements, interrogation of witnesses, objection, arguments, closing statements, or otherwise, without first obtaining permission of the Court outside the presence or hearing of the jury. Counsel are further ORDERED to warn and caution

each and every one of their witnesses to strictly follow these instructions.

    SO ORDERED.

    Enter for the 17th day of August, 2012.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
