UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| GARY SUTTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-CV-83 |
| | ) | |
| SOUTH WHITLEY POLICE OFFICERS, | ) | |
| RICK CARROLL and JESSICA LEWIS, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

At the Trial Management Conference held today in this matter, an issue arose as to the scope of Plaintiff Gary Sutter's testimony now that his undisclosed experts have been excluded and their notes and records, and the accompanying medical bills for their treatment, have been withdrawn. Plaintiff argues that he should be allowed to testify that he received further medical treatment as a result of the shoulder injury sustained in the alleged use of excessive force and the nature and extent of such treatment. Defendants object to such testimony because, without an expert linking the treatment to the injury Sutter sustained during the disputed arrest, it would leave the jury to speculate as to causation.

The fact that Sutter received further medical treatment is probative because it goes to his credibility, corroborating his claim of pain. And, under Federal Rule of Evidence 403, the probative value of this evidence is not outweighed by its prejudicial effect. *See* FED. R. EVID. 403. At the same time, as a lay witness, Sutter is not permitted to opine that the arrest proximately caused his physical health problems or offer a medical diagnosis of his alleged injury.

1

*See United States v. Cravens,* 275 F.3d 637, 641 (7th Cir. 2001) ("Although a lay person may readily observe a [health] problem, the *causation* of a mental disease or defect is a more technical medical determination such that a court would find expert testimony particularly useful to its ultimate decision." (emphasis in original)); *Christmas v. City of Chicago*, 691 F. Supp. 2d 811, 821 (N.D. Ill. 2010).  As such, Sutter will be permitted to testify *only* that he sought further medical treatment for his shoulder injury—but *not* the nature, extent, or cost of that treatment—and what he reported to those treating sources regarding his injury.

    SO ORDERED.

    Enter for this 20th day of August, 2012.

                                           S/Roger B. Cosbey
                                           Roger B. Cosbey,
                                           United States Magistrate Judge