UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GARY SUTTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:11-CV-83 |
| | ) |
| SOUTH WHITLEY POLICE OFFICERS, | ) |
| RICK CARROLL and JESSICA LEWIS, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on the Plaintiff's Supplemental Motion *in Limine* (Docket # 60) and Motion to Strike Testimony (Docket # 61), both of which seek to limit the testimony of Dr. Michael Myers regarding Plaintiff Gary Sutter's alleged use or abuse of alcohol prior to the night of his arrest by the Defendants and his alleged alcoholism. Dr. Myers's testimony appears in a video deposition, which the Defendants intend to use at trial. During this deposition, Plaintiff made additional objections, which will also be addressed herein.

For the following reasons, both of Plaintiff's motions will be GRANTED. Plaintiff's objections, however, with the exception of the stricken portions, will be OVERRULED.

### II. PLAINTIFF'S SUPPLEMENTAL MOTION *IN LIMINE* AND MOTION TO STRIKE

At the trial management conference held today, further argument was heard on both of Plaintiff's motions seeking to exclude portions of Dr. Myers's deposition testimony. Dr. Myers testified that Sutter's ability to carry on a lucid conversation while his blood alcohol content was 0.24—three times the legal limit—suggested chronic alcoholism. (Myers Dep. 28-29.)

1

Defendants argue that they are not attempting to use this testimony to prove Sutter is an alcoholic, but rather to defend against any claim that Sutter was so intoxicated he could not understand the Defendants' orders during his arrest by explaining how he could carry on a lucid conversation while his blood alcohol content was so high.  Plaintiff responds that this amounts to expert testimony and that, since Defendants never disclosed Dr. Myers as an expert, he cannot offer such testimony.

Such a diagnosis or opinion regarding Sutter's alleged alcoholism amounts to expert testimony.  But, as Defendants did not disclose Dr. Myers as an expert witness, he cannot offer such a medical diagnosis or opinion.  *See Erickson v. Baxter Healthcare, Inc.*, No. 99 C 0426. 2001 WL 36275328, at *18 (N.D. Ill. Sept. 28, 2001) ("Witnesses not disclosed as experts will not be permitted to testify as experts . . . .").  And regardless, under a Rule 403 analysis, the probative value of Sutter's alleged alcoholism is substantially outweighed by its prejudicial effect. FED. R. CIV. P. 403.  Dr. Myers can testify, however, that Sutter appeared to be lucid and responded appropriately to his questions.

As such, the Court, having considered counsel's arguments and having reviewed the transcript of Dr. Myers's deposition, now GRANTS Plaintiff's Supplemental Motion *in Limine* (Docket # 60) and Motion to Strike Testimony (Docket # 61).  The following portions of Dr. Myers's deposition are hereby STRICKEN:

(1) Lines 2 through 12 on page 28; and

(2) From "and that would suggest chronic alcoholism" on lines 1 and 2 of page 29, through line 7 on page 31.

### III.  PLAINTIFF'S REMAINING OBJECTIONS

As to Plaintiff's other objections during Dr. Myers's deposition, Plaintiff's objection to Exhibit A—the emergency department note from the night of Sutter's arrest—on hearsay grounds is OVERRULED.  First, Plaintiff does not specify *which* statements are purportedly hearsay.  Furthermore, it is not clear who exactly is making the statements contained in this note.  If Sutter made the statements, they would be admissible as either non-hearsay admissions by a party opponent, FED. R. EVID. 801(d)(2)(A), or as statements made for medical diagnosis or treatment, FED. R. EVID. 803(4).  Moreover, what was reported to Dr. Myers in the emergency room is not being used for the truth of the matter asserted, but rather to show what the doctor elicited for purposes of treating Sutter.  Pursuant to the Court's granting of the Plaintiff's Supplemental Motion *in Limine*, however, Exhibit A will need to be redacted to remove the references to Sutter's past alcohol use and alleged alcoholism—specifically, the statements that "[p]atient has a history of alcohol abuse" under the "Social History" section on page 1 and the phrase, "suggestive of chronic alcoholism," on page 2.

Next, Plaintiff objects to Exhibit B—a laboratory report showing Sutter's blood alcohol content on the night in question—on the basis of relevancy.  (Myers Dep. 26.)  But whether Sutter was intoxicated—and the extent of that intoxication—at the time of his arrest is relevant as it speaks to his ability to observe, recall, and recount the events surrounding the alleged use of excessive force.  *See Casares v. Bernal*, 790 F. Supp. 2d 769, 785-86 (N.D. Ill. 2011) (stating "[w]here there is reason to believe that alcohol . . . impaired a witness's memory of the events to which he is testifying or prevented him from understanding the events at the time they occurred, evidence of his . . . alcohol use is admissible").  Accordingly, Plaintiff's relevancy objection to

Exhibit B is OVERRULED.

Lastly, Plaintiff objects to the Defendants' question to Dr. Myers regarding whether, "[i]f someone had their face repeatedly slammed into a pavement made of asphalt, based upon [his] training and experience, [ ] [he] expect there to be some sort of visual evidence of trauma or injury to their face or head," on the grounds of speculation. (Myers Dep. 44-45.) Such a question, however, would be in the realm of knowledge for an emergency room physician (or, seemingly, a lay person) and does not amount to speculation. Consequently, Plaintiff's objection to this question is OVERRULED.

SO ORDERED.

Enter for the 20th day of August, 2012.

S/Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge